**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN THE MATTER OF | IN PROCEEDINGS UNDER CHAPTER 13 |
| DEANDREA S ANDERSON, | CASE NO. 23-06480 |
| DEBTOR | JUDGE: Deborah L. Thorne |

## NOTICE OF FILING

**Notified via Electronic Filing**
Patrick S Layng, Office of the U.S. Trustee, Region 11, 219 S Dearborn St, Room 873, Chicago, IL 60604
Glenn B. Stearns, 801 Warrenville Road, Suite 650, Lisle, IL 60532
David H Cutler, Cutler & Associates, Ltd., 4131 Main St., Skokie, IL 60076

**Notified via US Postal Service**
Deandrea S Anderson, 101 Starwood Dr, Bolingbrook, IL 60490

Please take notice that on the 1st day of June 2023 I did file with the Clerk of the United States Bankruptcy Court, 219 S Dearborn, Chicago, IL 60604 the Objection Debtor's Motion to Impose Automatic Stay.

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that he/she caused a true and correct copy of the above and foregoing document to be served upon the following on June 1, 2023:

      Respectfully Submitted,

      /s/ Amy A. Aronson
      Richard B. Aronow  3123969
      Michael N. Burke  6291435
      Michael Kalkowski  6185654
      Amy A. Aronson  6206512
      LOGS Legal Group LLP
      2121 Waukegan Road, Suite 301
      Bannockburn, IL 60015
      (847) 291-1717
      Attorneys for Movant
      23-099162

**Notified via Electronic Filing**
Patrick S Layng, Office of the U.S. Trustee, Region 11, 219 S Dearborn St, Room 873, Chicago, IL 60604
Glenn B. Stearns, 801 Warrenville Road, Suite 650, Lisle, IL 60532
David H Cutler, Cutler & Associates, Ltd., 4131 Main St., Skokie, IL 60076

**Notified via US Postal Service**
Deandrea S Anderson, 101 Starwood Dr, Bolingbrook, IL 60490

**The firm of LOGS Legal Group LLP is a debt collector.  This is an attempt to collect a debt.  Any information may be used for that purpose.  If your personal liability for this debt has been extinguished, discharged in bankruptcy or if a court order prohibits collecting this debt from you personally, then this is an attempt to enforce the Movant's rights with respect to the property addressed herein, and it is not an attempt to collect the debt from you personally.**

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN THE MATTER OF | IN PROCEEDINGS UNDER CHAPTER 13 |
| DEANDREA S ANDERSON, | CASE NO. 23-06480 |
| DEBTOR | JUDGE: Deborah L. Thorne |

## RESPONSE TO DEBTOR'S MOTION TO IMPOSE THE STAY

NOW COMES the Respondent, Quantam3 Group, LLC, by and through its attorneys, LOGS Legal Group LLP, and hereby objects to debtor's motion to impose the stay. The debtor filed this case on May 17, 2023. She scheduled Respondent as a secured creditor by virtue of a Motor Vehicle Retail Installment Sales Contract for personal property commonly known as: 2012 Chevrolet Tahoe 1GNSCAE00CR143407.

Prior to the filing of the above captioned case, Quantum3 took possession of the 2012 Chevrolet Tahoe 1GNSCAE00CR143407. There is no equity in the vehicle. The loan is due for the payment due November 2020. This loan was charged off in 2016 for default. The creditor does not have any proof of insurance protecting the vehicle as required by the contract.

### DEBTOR DID NOT MEET HER BURDEN

In the 12-month period immediately preceding the filing of the instant case, the Debtor herein was in two (2) previous cases which had been filed pursuant to 11 USC 1301 et seq. ("previous cases").

      a) 20-21309 filed 12/10/2020 and dismissed 9/21/2022; and

      b) 22-10944 filed 9/23/2022 and dismissed 3/24/2023.

In light of the foregoing, and pursuant to 11 USC 362(c)(4)(A)(i) a stay did not go into effect upon the filing of the instant case on May 17, 2023, and the Court has not entered an order imposing a stay pursuant to 11 USC 362(c)(4)(B). Neither has the Court imposed a stay in this case pursuant to any other statutory provision.

In her motion, the debtor talks about her last two cases. However, those last two cases is only part of the story. This debtor has filed a total of 11 cases under Chapter 13: Six in Arkansas and the rest in Illinois. Nine were dismissed for failure to pay either payments or failure to pay the filing fees. Two were dismissed for "other reasons." Regardless, none were successful.

With that history in mind, on May 17, 2023, Debtor filed a Motion to Impose Automatic Stay. That motion was set for June 1, 2023. The hearing on that motion was stricken. This objection is filed assuming it will be refiled.

The debtor's motion states that she "has *new employment*" and "will go on payroll control." However, this does not approach what is required to overcome the burden of demonstrating good faith in the face of the history of this debtor. More importantly, her supporting documents tell a different tale.

In each of the last three cases, the debtor had *new income*. In each of those cases, she also had additional sources of income, most notably from her son. In the prior two cases, she scheduled approximately $500.00 from him. In this third case however, she scheduled that he would pay $1,500.00 per month for five years to this case. The payment to the trustee is $494.00 per month and it *relies* on $1,500.00 from the son. This court has no jurisdiction over that income. That makes this plan unfeasible and unlikely to be any more successful than the last 11 cases.

The expenses she discloses also render the plan unfeasible. The debtor has two teenage children, but only schedules $362.00 for food. However, she scheduled $514.00 for vehicle insurance. That totals $6,168.00 per year for insurance on two vehicles. This is an extraordinary cost and this creditor requires strict proof of that expense.

Additionally, there are other inconsistencies with the prior cases. First, in the 2020 case she scheduled income from unemployment, her tax refund and Uber. In the 2022 case, she scheduled Link assistance. None of that income is scheduled in this case.

The debtor has the burden to overcome the presumption this case was filed in bad faith. She must show that by clear and convincing evidence that this case was filed in good faith. She has not done that. In fact, her documents demonstrate that she is in the exact same predicament she was in during her last two, unsuccessful cases.

## CONCLUSION

Bankruptcy is not for everyone, nor is it a fix for all problems. It is only for the honest but unfortunate. See, **Local Loan Co. v. Hunt,** 292 U.S. 234, 244 (1934) and **Grogan v. Garner,** 498 US 279 (1991). At this point, the debtor has used bankruptcy 11 times to fix her financial problems without success.

WHEREFORE, Quantam3 Group, LLC prays that Debtor's Motion to Impose Automatic Stay is denied and for such other relief as the Court deems just.

Respectfully submitted,

___/s/ Amy A. Aronson_____
Attorney for Quantam3 Group, LLC

Richard B. Aronow  3123969
Michael N. Burke  6291435
Michael Kalkowski  6185654
Amy A. Aronson  6206512
LOGS Legal Group LLP
2121 Waukegan Road, Suite 301
Bannockburn, IL 60015
(847) 291-1717
Attorneys for Movant

**The firm of LOGS Legal Group LLP is a debt collector.  This is an attempt to collect a debt.  Any information may be used for that purpose.  If your personal liability for this debt has been extinguished, discharged in bankruptcy or if a court order prohibits collecting this debt from you personally, then this is an attempt to enforce the Movant's rights with respect to the property addressed herein, and it is not an attempt to collect the debt from you personally.**